STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland ss Clerk's Office

JUL 13 2016

RECEIVED

DISTRICT COURT
PORTLAND
Docket No. CV-16-94

TOWN OF WINDHAM )
)
Plaintiff )
v. )
)
)
)
CHRISTOPHER A. BOND )
)
Defendant )

ORDER ON PARTIES' RESPECTIVE
MOTIONS FOR SUMMARY JUDGMENT

In this Rule 80K matter, both parties have moved for summary judgment. *See* Defendant's Amended Motion for Summary Judgment, filed April 19, 2016 and the Town of Windham's Cross-Motion for Summary Judgment, filed with the Town's Opposition to Defendant's motion on May 9, 2016.

This dispute arises out of a Rule 80K Citation and Complaint which describes Defendant's alleged violation as follows:

> Defendant is in violation of a variance issued by the Town of Windham Zoning Board of Appeals (ZBA), which allowed him to construct a canoe storage structure at the property notwithstanding the setback restrictions of the Shoreland Zoning Ordinance (SZO). Defendant has installed a woodstove in the storage structure, which he is using for camping purposes in violation of the SZO and the variance. Defendant also installed the woodstove in the structure without a valid permit.

Rule 80K Citation and Complaint, served on Defendant on February 26, 2016.

In urging the court to grant summary judgment in his favor, Defendant asserts that "the only substantive issue before the Court is whether camping activities may take place within the enclosed section of the Structure under the Shoreland Zoning Ordinance." Defendant's motion at 27. The Town, on the other hand, argues that it is entitled to summary judgment in its favor "[b]ecause Defendant's use of the storage structure as a shelter does not meet all requirements for residential structures as required by Section 199-15(E)(5), and because Defendant's camping use of the storage structure is inconsistent with the variance …. [and] because Defendant's building permit did not authorize the installation and chimney in the storage structure" such that

1

"it is undisputed that Defendant is in violation of Section 199-16(B) of the SZO." *See* Plaintiff's Cross-Motion at 9 & 12.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by subdivision (h) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). A "material fact" is a fact that has the potential to affect the outcome of the litigation. *See, e.g., Inkel v. Livingston*, 2005 ME 42, ¶ 4.

The court has reviewed the parties' respective Rule 56(h) statements of material fact. While many facts and objections are set forth,[1] the court finds that the *material* facts are essentially undisputed. Defendant initially sought permission to construct a one room cabin at 63 Libby Hill Road. That petition was denied for failure to meet the Town's 100 foot setback requirement. *See* Exhibit B to Affidavit of Heather McNally ["McNally Affidavit"]. Defendant subsequently sought and was awarded a variance "that would allow the construction of combined camping platform/canoe storage structure measuring 16 feet by 20 feet ...."[2] *See* Exhibit E ("Certificate of Zoning Variance Approval") to McNally Affidavit. Exhibit E in pertinent part expressly states:

---

[1] Defendant inserted within the text of his Amended Motion a Statement of Material Facts consisting of 54 numbered paragraphs. Plaintiff's Additional Statement of Material Facts consists of 40 numbered paragraphs. The parties exhaustively responded to each other's Rule 56(h) statements, with each filing a number of additional submissions. *See* Defendant's Opposition to Plaintiff's Additional Statement of Material Facts; Defendant's Reply Statement of Material Facts; Plaintiff's Opposing Statement of Material Facts; Plaintiff's Response to Objections in Defendant's Reply Statement of Material Facts; Plaintiff's Reply Statement of Material Facts in Response to Defendant's Objections to Plaintiff's Additional Statement of Material Facts.

[2] The Board of Appeals Minutes (Exhibit F to McNally Affidavit) explain: "Christopher Bond is the owner of property located at 63 Liberty Hill Road, Tax Map 33, and Lot 12. Mr. Bond applied for a building permit to construct a cabin on the property. The Code Enforcement Officer denied the application because the lot did not meet the minimum lot size requirements for the zoning district and the structure could not be placed on the lot in a manner that would meet the required Shoreland or road setbacks. Mr. Bond appealed the decision of the Code Enforcement Officer and, in the alternative, requested a variance that would allow him to build a 16' by 20' cabin on the property. As a result of meetings with the Board, Mr. Bond has revised the plan. He is now seeking a variance that would allow the construction of combined camping platform/canoe storage structure measuring 16 feet by 20 feet, a 23-foot variance from the Shoreland setback requirement and a 30-foot variance from the rear setback requirement."

2

This variance may be used only as set forth in the application, as revised, and as depicted upon any plans, sketches, drawings or other supporting materials presented by the applicant and all representations made by the applicant on the application, including the setbacks, dimensions and structure details shown on the December 18, 2012 Landscape Plan for the Bond Campsite prepared by Gnome Landscapes Design and Masonry. No change, including but not limited to additional enclosure of the platform structure or any change to the dimensions or location, shall be made form the revised application, supporting materials, or representations without the prior approval by the Board of Appeals of an amendment to this variance or of a new variance.

Exhibit E at ¶ 1.

Notwithstanding the above express reference to the Gnome Landscape Plan (which Defendant refers to as "the December 18th Plan"), Defendant argues that "the December 18th Plan is inadmissible parole [sic] evidence" and that "[e]ven if, *arguendo*, the December 18th Plan is relevant or admissible ... [it] does not support the proposition that the Variance defines the unenclosed section as a distinct and separate structure apart from a separate and distinct structure that is enclosed." *See* Defendant's Amended Motion at 21-22. The court does not agree, and finds that the parties understood that the variance would allow for two separate and distinct uses within the 16 by 20 foot structure: an "open platform" for camping, and "enclosed storage" for storage. *See, e.g.,* Exhibit D at p. 3 ("Further discussion by the Board continues about the boat house and tent platform location for setback purposes"); Exhibit F at p. 3 ("Due to the very small flat area on the property, camping cannot occur on the site without a small platform to provide a flat surface for tenting or outside camping. The slope of the lot would otherwise prevent this use. The boat storage structure is necessary to allow the use of the property for recreational uses."). The Gnome Landscape Plan, submitted as the last page of Exhibit C, does not include any reference to a woodstove or chimney. Further, it is undisputed that in Defendant's application for a building permit, Defendant wrote "none" under the section for chimneys. *See* Exhibit G to McNally Affidavit.

Although Exhibit E expressly provides that no change to the plan may be made without prior approval, Defendant installed a woodstove within the enclosed storage area. Defendant concedes that he did so. *See* Defendant's Statement of Material Facts at ¶ 13 ("Defendant's sole purpose for installing the woodstove was to facilitate camping use of the structure outside of the summer season."). Accordingly, there is no genuine dispute that by installing the woodstove

3

Defendant deviated from the terms of the variance, putting him in violation of the setback restrictions set forth in Section 199-15(B)(1) of the Shoreland Zoning Ordinance.[3] By making the enclosed structure suitable for camping year-round, Defendant also violated of Section 199-15(E)(5) of the Shoreland Zoning Ordinance, which provides:

> When a recreational vehicle, tent or similar shelter is placed on-site for more than one hundred-twenty (120) days per year, all requirements for residential structures shall be met, including the installation of a subsurface sewage disposal system in compliance with the State of Maine Subsurface Wastewater Disposal Rules unless the site is served by public sewage facilities.

Exhibit A to McNally Affidavit. According to this ordinance, regardless of whether a structure is used for camping purposes for more than 120 days per year, a structure suitable for shelter which is placed on a site for more than 120 days per year must satisfy "all requirements for residential structures." It is undisputed that the structure at issue does not satisfy those requirements. Accordingly, Plaintiff is entitled to judgment as a matter of law on its claim that Defendant has violated Section 199-15(E)(5) of the Shoreland Zoning Ordinance.

It is likewise undisputed that the building permit issued to Defendant did not grant Defendant approval to install a woodstove and chimney in the storage structure. Accordingly, Defendant's installation of the woodstove and chimney entitles Plaintiff to judgment as a matter of law on its claim that Defendant has violated Section 199-16(B) of the Shoreland Zoning Ordinance, which provides in pertinent part:

> Permits required. After the effective date of this Ordinance, no person shall, without first obtaining a permit, engage in any activity or use of land or structure requiring a permit in the district in which such activity or use would occur; or expand, change, or replace an existing use or structure; or renew or renew a discontinued non-conforming use. A person who is issued a permit pursuant to this Ordinance shall have a copy of the permit on site while the work authorized by the permit is performed.

Exhibit A to McNally Affidavit.

Accordingly, it is hereby ORDERED that summary judgment shall be granted in Plaintiff's favor and against Defendant. Defendant's Amended Motion for Summary Judgment is denied.

---

[3] Section 199-15(B)(1) states in pertinent part: "All new principal and accessory structures shall be set back at least one hundred (100) feet, horizontal distance, from the normal high-water line ...."

4

30-A M.R.S. § 4452 ("Enforcement of Land Use Laws and Ordinances") provides that "[t]he minimum penalty for … undertaking a land use activity without a required permit is $100, and the maximum penalty is $2,500; "[t]he minimum penalty for a specific violation is $100, and the maximum penalty is $2,500" and "[t]he violator may be ordered to correct or abate the violations." *See id.* § 4452(3)(A), (B) & (C). In light of the foregoing, and having considered the factors set forth in § 4452(3)(E), the court hereby ORDERS as follows:

1) Plaintiff's request for a permanent injunction is GRANTED. Within 15 days of the date of this Order, Defendant shall remove the woodstove from the premises;

2) Defendant shall pay a civil penalty totaling $300[4];

3) In the event that Defendant fails to abide by the terms of the injunction imposed above, Defendant shall be liable for a per-day civil penalty of $150 for every day in which the woodstove remains on the premises after the referenced 15-day period has run;

4) Defendant shall pay Plaintiff its reasonable attorney's fees and costs pursuant to 30-A M.R.S. § 4452(3)(D) in an amount to be determined by the court upon receipt of an Attorney's Fee Affidavit from Plaintiff, such Fee Affidavit to be submitted by Plaintiff within ten days of the date of this Order.

The clerk shall incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 13 July 16

_____
Jed French
Maine District Court Judge

---

[4] Although § 4452(3) provides that "monetary penalties may be assessed on a per-day basis", in light of the factors set forth in § 4452(3)(E), the court declines to impose a per-day assessment given that there is no showing of any prior violations by Defendants nor of any permanent environmental damage caused by Defendant's violation.